THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
LUNA AMUSEMENT COMPANY, Appellant.

Second Department, June 8, 1917.

Labor Law — employment of female in mercantile establishment
after ten o'clock in the evening — sale of chewing gum at booth
in amusement park — "mercantile establishment" defined.

A corporation conducting an amusement park which employs a female
eighteen years of age to sell chewing gum in a small booth after ten
o'clock in the evening is properly convicted of a violation of subdivision
2 of section 161 of the Labor Law.

Such booth for the sale of chewing gum, although of diminutive size, is a
"mercantile establishment" within the meaning of the Labor Law.

APPEAL by the defendant, Luna Amusement Company,
from a judgment of the Court of Special Sessions of the City
of New York, Part Two, entered in the office of the clerk of
said court on the 11th day of January, 1917, convicting it
of violating subdivision 2 of section 161 of the Labor Law
(Consol. Laws, chap. 31 [Laws of 1909, chap. 36], as amd. by
Laws of 1915, chap. 386).

*Robert W. Seaton,* for the appellant.

*Harry G. Anderson, Assistant District Attorney [Harry E.
Lewis, District Attorney,* with him on the brief], for the
respondent.

THOMAS, J.:

The Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap.
36], § 161, subd. 2, as amd. by Laws of 1915, chap. 386) prohibits
the employment after ten o'clock in the evening in a mercantile
establishment of a woman over sixteen years old, with exceptions
not here material. Celia Pedowitz, about eighteen years old,
was on August 18, 1916, at ten fifty-five P. M. employed by
the defendant Luna Amusement Company in selling chewing
gum. The business was carried on in a booth about six feet
square wherein was the girl, vending to the passersby in the
defendant's amusement park. The question is whether the

person was working in a mercantile establishment. Let it be assumed that she was selling needles, pins, shoe-strings, or other notions. Would that be a mercantile establishment? I think so, because the Labor Law, section 2, defines a " mercantile establishment " as " any place where goods, wares or merchandise are offered for sale." A booth six feet square is a diminutive establishment, but it is a place where gum was sold. Is gum classed with " goods, wares or merchandise? " Chewing gum is an important subject of manufacture and sale, and its use is proven by phenomena of which observers of national habits may take notice. If a large quantity of it were shipped for transportation, it would be classed as goods and the purchaser would be regarded as buying merchandise. If the woman had been employed in the jobbing houses, she would be considered as engaged in a mercantile establishment. But the gum so sold and purchased in bulk is distributed through innumerable retailers. The dimensions of their shops and the magnitude of their sales cannot determine whether they are within or without the statute. The plea that the trader is too minute to be noticed by the law would enable every small article of merchandise to be sold by women kept at labor beyond the prescribed hours. I perceive no reason for allowing women to be overworked at night in selling gum as a part of the defendant's amusement park. The business seems to be of sufficient consequence to require relays of attendants.

The judgment of conviction of the Court of Special Sessions should be affirmed.

JENKS, P. J., STAPLETON, MILLS and RICH, JJ., concurred.

Judgment of conviction of the Court of Special Sessions affirmed.