THE PEOPLE OF THE STATE OF NEW YORK on the Information of NATHANIEL HERTZBERGER, Respondent, *v.* JOHN R. THOMPSON COMPANY, Appellant.*

First Department, June 23, 1930.

* Affd., 255 N. Y. ——.

*Edgar H. A. Chapman* of counsel [*De Witt & Van Aken*, attorneys], for the appellant.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

FINCH, J.   From a judgment convicting it of a violation of the Labor Law (Laws of 1921, chap. 50, § 161, subd. 3), defendant appeals.

The question presented by this appeal is whether a restaurant is subject to this provision of the Labor Law.

Concededly the defendant did operate a restaurant on Sunday, as charged, and one Ivan Bureau, an adult, worked in this restaurant on Sunday and no schedule was posted and a copy filed with the State Industrial Commissioner containing the name of this employee and designating a day of rest for him, as required of those employers who come within the provision of the Labor Law above noted. This section 161 reads as follows:

" § 161. One day of rest in seven.   Every employer operating a factory, mercantile establishment, or freight or passenger elevator in any building or place shall, except as herein otherwise provided, allow every person employed in such establishment or in the care, custody or operation of any such elevator, at least twenty-four consecutive hours of rest in any calendar week.   No employer shall operate such establishment or elevator on Sunday unless he shall comply with subdivision three.   This section does not authorize any work on Sunday not permitted now or hereafter by law.

" 2. This section shall not apply to:   *   *   *

" b. Employees in dairies, creameries, milk condenseries, milk powder factories, milk sugar factories, milk shipping stations, butter and cheese factories, ice cream manufacturing plants and milk bottling plants, where not more than seven persons are employed;   *   *   *

" d. Employees whose duties include not more than three hours work on Sunday in setting sponges in bakeries, caring for live animals, maintaining fires, or making necessary repairs to boilers or machinery.

" e. Employees in hotels [Paragraph e, added by Laws of 1921, chap. 671].

" 3. Before operating on Sunday, every employer shall conspicuously post on the premises a schedule containing a list of his employees permitted to work on Sunday, and designating a day of rest for each, and shall file a copy of such schedule with the Commissioner. The employer shall also promptly file with the Commissioner a copy of every change in the schedule. No employee shall be permitted to work on his designated day of rest."

Concededly there was no factory on the premises and no freight or passenger elevator, so the only question is whether a restaurant is comprised within the term " mercantile establishment." The Labor Law (§ 2, subd. 11) defines a mercantile establishment as follows: " ' Mercantile establishment ' means a place where one or more persons are employed in which goods, wares or merchandise are offered for sale and includes a building, shed or structure, or any part thereof, occupied in connection with such establishment. The provisions of this chapter affecting structural changes and alterations shall not apply to mercantile establishments where less than six persons are employed except as otherwise prescribed by the rules."

Apparently the term " restaurant " has not been defined in the Labor Law, at least no definition has been called to our attention. A reading of this section would seem to show that a restaurant does not fall within the definition of " mercantile establishment " as that term is defined in this same law. As showing that the Legislature did not intend to include " restaurant " in its definition of " mercantile establishment," we note other sections of this same Labor Law. By section 180 of the Labor Law (as amd. by Laws of 1925, chap. 622) the Legislature provided that no child under the age of sixteen years should be employed " in connection with any mercantile establishment, business office, telegraph office, restaurant," thus showing that the draftsman of this law differentiated between a mercantile establishment and a restaurant. In the same way, in section 150, with reference to a sufficient number of suitable seats for female employees, it is provided that they shall be " maintained in every factory, mercantile establishment, freight or passenger elevator, hotel and restaurant." In section 375 (as amd. by Laws of 1924, chap. 466) it is provided " every room in a mercantile establishment or restaurant." So in section 378 (as amd. by Laws of 1924, chap. 466), " every mercantile establishment, every restaurant." So in section 379 (as amd. by Laws of 1924, chap. 466), " in every mercantile establishment or restaurant."

It is likewise worthy of note that following the enactment of section 181 of the Labor Law, relating to the employment of females over sixteen years of age in mercantile establishments, the Legislature considered it necessary to enact an additional section (§ 182)

to apply to the employment of females over sixteen years of age in restaurants, thus again showing that the Legislature did not consider that the term " mercantile establishment " included a restaurant. It would, therefore, seem clear that an employer engaged in the restaurant business under the present statutes is not affected by section 161 of the Labor Law.

If it be wise to make this section apply to a restaurant, this may more properly and more effectively be done by the Legislature than by the courts.

It remains only to answer the contentions urged upon us to sustain a contrary view. It is said that the intention of the Legislature to include restaurants in this section of the Labor Law may be drawn from the fact that hotel employees are expressly exempted, while a restaurant is not. Such contention is answered by saying that no failure to expressly exempt all those not affected by the section, can be held to include those not so exempted by the terms of the statute. To be affected by the statute, the Legislature must affirmatively include a restaurant therein, and no failure to expressly exempt it can be held the equivalent. An abundance of caution is sufficient to explain the exemptions. In the court from which this appeal is taken it was urged that the case of *People* v. *Luna Amusement Company* (178 App. Div. 797) is a precedent in favor of this conviction. An examination of that case, however, will show that the facts therein differ widely from the case at bar. The defendant in that case was charged with a violation of section 161 of the Labor Law of 1909, which relates to the hours of labor of minors and women, which section is now section 181 of the Labor Law. In that case, moreover, the defendant was charged with employing a female child in the sale of chewing gum from a stand. Chewing gum is a manufactured commodity as distinguished from an article of food prepared and served in a restaurant. As above noted, the Legislature expressly recognized that restaurants were not included within the provisions of section 181, pertaining to the employment of minor females in mercantile establishments, by enacting section 182 regulating the employment of minor females in restaurants. No precedent, therefore, is furnished the respondent by a citation of the case in question.

It follows that the judgment of conviction should be reversed, the information dismissed and the fine remitted.

MARTIN, O'MALLEY and SHERMAN, JJ., concur; MERRELL, J., dissents and votes for affirmance.

Judgment reversed, the information dismissed and the fine remitted.